Tii.ghman C. J.
This case is brought before us by a cer- . ti'orari, directed to the Mayor’s Court. Complaint having been made to two aldermen, that Peter Picard had deserted his wife and children, they issued a warrant to the guardians of the' poor, to seize, “ so much of the rents and profits of “ Picard's estate as should be sufficient for the maintenance “ of his family.” In pursuance of this warrant a seizure was made of divers rents, &c. as appears ■ by the return made to the Mayor’s Court. The court ordered notice to be given to. Picard, to appear before them on a certain day, and he not appearing, the proceedings of the aldermen and guardians .of the poor were confirmed. It is now objected, that the aider-men should have determined and specified in their warrant, the amount of the property to be seized. The case depends on the 6th section of the act of 31st March, 1812, 5 Sm. L. 393, in which, after a recital, that men sometimes separate themselves without reasonable cause from their wives and desert their children, it is enacted, that it shall be lawful for the guardians of the poor, having first obtained a warrant from two aldermen, &c. to take and seize “ so much of the “ goods and chattels, rights and credits, and receive so much “ of the annual rents and profits of the lands and tenements “ of such husband or father, as such two aldermen shall order “ and direct, for providing for such wife, and for maintaining “or bringing up such child or children, &c. &c.” Nothing can be plainer than the directions of this act, but the alder-', *240 men, instead of. complying with it, have transferred to the guardians of the poor, the authority of affixing the amount to be seized, which ought to have been exercised by themselves. This is a summary proceeding affecting very important rights, and should therefore be conducted as is prescribed by law. If the guardians of the poor are to be the judges of the quantum to be allowed for maintenance, the issuing of a warrant is a useless expense, and it would have been better to permit them to seize of their own authority, and make return to the Mayor’s Court. It is said, that the practice has been to issue the warrant as has been done in this case. But it was a practice sub silentio, at least it has never been submitted to this court. Where the law is plain it should be obeyed, and if it proves inconvenient in practice, the legislature may amend it. I am of opinion, that in this case it is very plain. The warrant being illegal, the seizure under it cannot be supported. The proceedings ought, therefore, to be quashed.
Ye ates J.
I am constrained to say that the warrant of seizure in this case was illegal. The 6th section of the act of 31st March, 1812, 5 Sm. L. 393, following the provisions of the 30th section of the act of 29th March, 1803, 4 Sm. L. 50, (with the insertion of the words “ rights and credits,” which are made liable to seizure) directs, that the warrant of the aldermen or justices, shall issue to take and seize so much of the goods and chattels, rights and credits, and receive so much of the annual rents and profits of the lands and tenements of such husbands (who shall separate themselves without reasonable, cause from their wives, and desert their children) as such two aldermen or justices shall order and direct, &c. In the present instance the aldermen have made no order-or direction how much shall be seized for providing for the wife and bringing up the child or children, but have made a general order for the seizure of the property, personal and real, of the husband, and have submitted the quantum to the discretion of the guardians of the poor. This is not conformable to either the words or spirit of the law, and may be productive of most injurious consequences. I would not impute evil intentions to the guardians of the poor, but such a proceedure may certainly be made an instrument of gross injustice. The house and store of the most wealthy citizen *241 may be locked up in such instance for three months, and thereby do him an irreparable injury. The aldermen or justices are the judges intrusted by law to affix, in the first instance, the sum necessary to be levied for the use of the wife and children, and cannot devolve this right of judging on others. The Mayor’s Court for the city, or Quarter Sessions for the county, are ultimately to order the payment of such sums as they shall think reasonable, for the maintenance of the wife and children neglected. I do not conceive that any practice can be of so inveterate a nature, as to justify a deviation from the plain injunctions of either of these acts of assembly; and, therefore, whatever my private feelings may be, in favour of an unfortunate woman and children, I am of opinion, that the judgment of the Mayor’s Court be reversed.
Brackenridge J. concurred.
Proceedings quashed.